## White v. McClintock-Field Company et al.

(Decided March 8, 1932.)

MANN & VINCENT for appellant.

MARTIN & SMITH for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Edgar White instituted this action in the Boyd circuit court against the McClintock-Field Company, a corporation, and M. S. McClung, one of its salesmen, alleging in his petition that, while he and his brother were riding in a Ford roadster as the guests of one Edgar Ratcliff, the defendant McClung negligently caused an automobile of the company which he was driving to come in collision with the automobile of Ratcliff, causing it to leave the road and overturn; that as a result of the collision he suffered a broken leg and sustained other painful and serious injuries for which he seeks recovery.

By answer defendant traversed the allegations of the petition and affirmatively alleged that at the time of the accident plaintiff was engaged in a joint enterprise with Ratcliff, pursuant to which he was being transported in the automobile of the latter, who so recklessly and negligently operated same as to cause it to come in collision with the company's automobile; that the negligent operation of the automobile by Ratcliff was the direct and proximate cause of the collision and the resultant injuries to plaintiff complained of in his petition, and as a further defense affirmatively pleaded contributory negligence upon part of plaintiff.

By reply the issues were completed, and at the close of all the evidence the court instructed the jury to find

690

for defendants, and from judgment based on this directed verdict plaintiff has appealed.

It appears in evidence that plaintiff and his brother Carl White left their home in Ashland to seek employment where locks were being constructed on the Ohio river near Portsmouth. While walking out the highway west of Greenup, they were overtaken by Ratcliff, who at their signal and request took them into his automobile. This automobile was following the automobile of the McClintock-Field Company driven by McClung. On reaching Gray's Branch, about 6 miles below Greenup, McClung, desiring to turn into a side road on the east, extended his arm horizontally out of the window indicating his intention. He turned his automobile to the left, and was proceeding across the highway, when Ratcliff attempted to pass on the left, and the automobiles came in collision. Evidently the impact was very slight, as the only visible evidence of injury to the company's car was a small mark found on the left front tire. Following the impact, Ratcliff's automobile turned over two or three times and landed in the main highway about 60 feet from the point of collision.

Mr. McClung testified that it turned over three times, but plaintiff and his companions were not positive, stating that it turned over at least twice. All of the occupants of the Ford knew of the crossroad into which McClung attempted to turn, and they all testified that they saw him extend his arm horizontally as indicating his intention to make a left turn. They further testified that after extending his arm he slackened his speed and finally dropped his arm as though indicating a stop, whereupon Ratcliff sounded his horn three or four times and attempted to pass to the left; that McClung turned his automobile across the road to the left causing it to strike and overturn or force their car off the highway.

There is some conflict between the evidence of plaintiff and his witnesses as to the point where McClung first gave his signal. Plaintiff testified that it was something like 600 feet from the intersection. He testified that McClung kept his arm extended for some distance and then dropped it down to the side of the car. Ratcliff stated that McClung was about 75 feet from the side road when he held out his hand and that he was about 75 feet in back of the McClung car at the time.

McClung testified that his automobile was equipped with a mirror, and that, as he approached the intersec-

tion, he saw the Ford automobile 150 or 200 feet behind him and a sufficient distance for him to clear the intersection with safety; that he held his arm straight out, sounded his horn, and traveled something like 50 feet with his arm so extended, turning gradually to the left; that he then took his arm in and turned his car into the intersection; that as he turned some part of the Ford struck the tire on his left front wheel.

L. M. Hill, who was in his store on the south side of the highway and east of the side road into which McClung was attempting to turn, testified that he saw the automobiles pass in front of his store, but did not see the accident, as the intersection was out of his line of vision. He stated that when McClung passed he was holding out his arm. He further stated that he saw the Ford pass, but only got a glimpse of it, as it was traveling fast. His wife and Mr. Kotcamp were also in the store, but they did not see the automobiles pass, as they were not looking in that direction. Mr. Kotcamp stated that he heard the horns sound. These parties were attracted by the noise of the collision or by the overturning of the Ford, and immediately ran out to the scene of the accident. They all stated that the McClung automobile was standing across the highway in the intersection and the Ratcliff car was overturned some distance further down the highway. Mr. Hill stated that he stepped the distance and found it to be 60 feet from the point of collision. Mr. Kotcamp testified that he was the first to reach the wrecked automobile, and he heard Ratcliff say that he knew McClung was going to turn in, but was driving so fast he could not stop. Mrs. Hill also testified as to statements made by Ratcliff; her evidence being in substance and effect the same as that of Kotcamp.

Ratcliff denied that he stated in the presence of these witnesses that he knew McClung was going to turn, but stated: "I told him I saw it and tried to dodge him —is what I told him, tried everyway I could to dodge him." He also stated that he did not remember telling witnesses he was going so fast he could not stop.

It is insisted by counsel for appellant that under the scintilla rule prevailing in this state there was sufficient evidence to take the case to the jury, and that as a matter of law McClung was guilty of negligence, in that, because of the proximity of the automobile in which plaintiff was

riding he failed to see that there was not sufficient space to turn his automobile at the time and place of the accident. According to the evidence of McClung there was sufficient time and space in which to make the turn with safety to himself and others if those following had given heed to his signal. He testified that at the time he gave the signal the Ford was 150 to 200 feet in back of him. According to the evidence of Ratcliff, he had both the time and space within which to have brought his car to a stop, if necessary, after he saw McClung give the signal, as he testified that at the speed he was going he could have stopped his automobile within about 15 feet. So really there is no conflict on that question, and there is agreement of evidence for the respective parties that McClung did signal for a left turn and kept his arm extended horizontally for some time. Plaintiff and his associates knew of the side road and must have known or inferred by the signal given that it was the intention of McClung to turn into it. They try to excuse the act of Ratcliff in attempting to pass McClung by saying that the latter dropped his hand, slackened his speed, and they concluded he was going to stop, and attempted to pass around him on the left.

A most searching scrutiny of the evidence fails to reveal any act of negligence on the part of McClung which brought about or contributed to plaintiff's injuries. On the other hand, the admissions of plaintiff, his brother, and the driver of the Ford automobile, coupled with the physical facts as testified to by disinterested witnesses, lead unerringly to the conclusion that this unfortunate accident is attributable solely to the negligence of Ratcliff in the operation of his automobile. With his knowledge of the crossroad and of the intention of McClung to drive into it as indicated by signal, it is apparent that he was either driving at such a rapid rate of speed that he could not stop, or that he recklessly or with mistaken judgment attempted to pass before McClung's automobile could turn into and cross the intersection. He is practically in the same position as one who, seeing a train nearing a crossing, takes the chance of crossing the tracks before it reaches his path. That the Ford was traveling at a very high rate of speed is evidenced by the fact that it overturned three times after it struck the company's automobile. Striking the Ford on the side could not have given it added momentum in the direction it was traveling. Only its own

momentum could have carried it directly ahead for 60 feet and caused it to overturn three times within that distance.

In support of the contention that appellee McClung was guilty of negligence because he did not have sufficient space to make the turn in safety, section 2739g-50, Kentucky Statutes, and a number of cases are cited, but a careful study of the statute and the authorities cited reveals that they are not in point here because there is no contradiction in evidence that he did have sufficient space for the turn. There is no evidence from which it may be inferred that the accident was due to lack of time or space in which to make the turn after the signal was given. But all the evidence indicates that it was due to Ratcliff's disregard of the signal given.

Appellant's counsel, invoking the scintilla rule, cite a number of cases to the effect that any evidence of negligence upon the part of McClung, however, slight, was sufficient to take the case to the jury. The rule is too well recognized to even require citation of authorities. But, as is said in the case of Gay v. Gay, 183 Ky. 238, 209 S. W. 11, 14:

" . . . The scintilla rule does not mean the making of something out of nothing. Mere conjecture or suspicion is not sufficient to constitute evidence."

And in the case of Crump v. Chenault, 154 Ky. 187, 156 S. W. 1053, 1057, this court in discussing the scintilla rule said:

". . . By evidence is meant something of substance and relevant consequence, and not vague, uncertain, or irrelevant matter not carrying the quality of proof, or having fitness to induce conviction."

The definition of evidence within the meaning of the rule under discussion has been quoted or referred to with approval in a number of later cases. Cecil v. Oertel Co., 239 Ky. 825, 40 S. W. (2d) 328; Poll v. Patterson, 178 Ky. 22, 198 S. W. 567; Langford's Ex'r v. Miles, 189 Ky. 515, 225 S. W. 246.

There is no evidence in this case to sustain appellee's allegation that appellant and Ratcliff were engaged in a joint adventure, and it is unnecessary to enter into

a discussion of the evidence bearing on the question of contributory negligence upon the part of appellant, since our opinion is to be rested upon an entirely different theory.

By our reference to negligence upon the part of Ratcliff we would not be understood as holding or inferring that it would be imputed to appellant as his guest in the automobile. Notwithstanding any negligence upon the part of Ratcliff, appellees would be liable if any negligence upon their part brought about or contributed to appellant's injury. Before appellant was entitled to have his alleged cause of action submitted to a jury, it was necessary for him to establish by evidence some negligence upon part of McClung that contributed to his injuries, and this he has utterly failed to do. It follows that the court did not err in directing the jury to find for appellees.

Judgment affirmed.

JUDGE WILLIS not sitting.